No. 9206.

## THE STATE OF LOUISIANA VS. ALFRED SIMIEN.

An accused will not be entitled to a new trial on account of the absence of witnesses at the trial, though duly summoned, where it appears that no continuance or postponement was asked because of their absence and where he consented to go to trial without them, and stated that he could not make an affidavit for a continuance on account of their non-attendance.

The absence of the accused from the court-room while testimony is being taken on an application for an attachment for a witness, affords no ground for setting aside the verdict.

It is not requisite to the validity of an indictment for assaulting with intent to murder that it should aver that the person assaulted "was in the peace of the State." Nor in such indictment is it necessary to charge that the accused was armed with a dangerous weapon or that a battery was inflicted.

Sec. 792 R. S., under which the indictment was framed, denounces two distinct offenses; one assaulting by wilfully shooting at, the other assaulting with intent to commit murder, etc., and an indictment will lie for either offense.

APPEAL from the Thirteenth District Court, Parish of St. Landry. Hudspeth, J.

_M. J. Cunningham_, Attorney General, for the State, Appellee.

_J. N. Ogden, B. A. Martel, Chas. W. DuRoy_ and _E. P. Veazie_ for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The accused was convicted of an assault with intent to commit murder, under sec. 792 of the Revised Statutes, and sentenced to imprisonment at hard labor for two years, and has appealed.

In a motion for a new trial he complains that he was tried in the absence of two material witnesses, for whom he had caused subpœnas to issue, one of whom failed to attend on account of sickness, and the other reported not found.

It appears that, notwithstanding the non-attendance of these witnesses, he made no application for a continuance and took no bill to the judge in ruling him to trial; and, according to the statement of the judge found in the record, he asked no postponement of the trial to afford an opportunity to procure the witnesses, but, on the contrary, expressly consented to go to trial without them, for the reason stated that he could not make the proper affidavit for a continuance.

It is evident, therefore, that his complaint in this respect, made for the first time in the motion for a new trial, came too late and was properly disregarded.

II.

He assigns as error patent on the face of the record the following (quoting):

" That on the 15th of March, 1884, when testimony was being taken as to the existence or non-existence of the witness Doucet, on the application for an attachment against said witness, the minutes do not show that the accused was present in court."

It is sufficient answer to this to say that the transcript, which is certified as containing all the proceedings had in the case, fails to show that any testimony was taken on the day mentioned on an application for an attachment for said witness. Even had it been shown, and the prisoner was absent at the time, it was a proceeding of that character that his presence thereat was not essential. State vs. Clark, 32 Ann. 558; State vs. Somnier, 33 Ann. 237.

### III.

There was a motion in arrest of judgment which set forth:

1. That the indictment did not aver that the person assaulted was " in the peace of the State." Such omission did not vitiate the indictment.

Sec. 1063, R. S., declares: " No indictment for any offense shall be insufficient for want of the averment of any matter unnecessary to be proved." See also Bishop Cr. Pro. vol. II, sec. 504.

2. " That the indictment does not charge the accused with being armed with a dangerous weapon, does not describe the weapon and does not charge a battery."

The section, under which the indictment was framed, reads: "Whoever shall assault another by willfully shooting at him or with intent to commit murder, rape or robbery, shall, on conviction, be imprisoned at hard labor not exceeding two years."

This section evidently describes two distinct offenses or denounces two different kinds of assault—one the assaulting of another by shooting at him, and the other the assaulting with "intent to commit murder, rape or robbery." This is apparent from the reading of the section, and the fact that the assaults are not denounced conjunctively by the word " and," but disjunctively by the word " or." See 9 Ann. 315.

The offense charged in the indictment was covered by the last clause of the section and in the very language of the statute, and hence there was no necessity for the mention or description of a weapon, or to charge a battery inflicted. It was sufficient to describe the offense in the language of the statute. Arch. Crim. Pl. and Pr. Waterman's Ed. .285, 286. Wharton Cr. Law, 364. 33 Ann. 312.

The motion in arrest was, therefore, properly overruled.

There are some bills of exception in the record which relate to the motion for a new trial, and the testimony taken on the trial of the motion, but from the views expressed above with respect to that proceeding, it is unnecessary to consider them.

Judgment affirmed.