## LOGAN *v.* STATE.

### (*Nashville.* December Term, 1914.)

**CRIMINAL LAW. Trial. Presence of accused.**

Const. Declaration of Rights, art. 1, sec. 9, provides that in all criminal prosecutions accused hath the right to be heard by himself and counsel, to demand the cause of the accusation, to have a copy thereof, and to meet the witnesses face to face. In a prosecution for murder, the court, in the absence of accused, ordered a special venire to be summoned for the selection of jurors therefrom. *Held,* that the order for the venire was not a part of the trial, but was a mere preliminary step, and accused's constitutional right to be present at all times was not infringed.

Constitution cited and construed: Art. 1, sec. 9.

Cases cited and approved: Andrews v. State, 34 Tenn., 550; Hopkins v. State, 78 Tenn., 206; Jones v. State, 152 Ind., 318; State v. Long, 209 Mo., 366; State v. Clark, 32 La. Ann., 558; State v. Abrams, 11 Or., 169; State v. Simien, 36 La. Ann., 923; Percer v. State, 118 Tenn., 765; State v. Barrington, 198 Mo., 23; Osborn v. State, 24 Ark., 629; Pocket v. State, 5 Tex. App., 552; Ammons v. State, 65 Fla., 166; Ward v. Territory, 8 Okl., 12; Ex Parte Bollman, 4 Cranch. (8 U. S.), 75.

---

### FROM CANNON.

---

Appeal from the Circuit Court of Cannon County.— JOHN E. RICHARDSON, Judge.

H. T. STEWART, JOSH BARTON, C. L. CUMMINGS and ROBERT SMARTT, for appellant.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Lloyd Logan was indicted and tried for the murder of one William Wallace. Found guilty of murder in the second degree by the jury, and his punishment fixed at fifteen years' confinement in the penitentiary, he has appealed and assigned several errors, only one of which is it purposed to consider in this opinion.

In the absence of the accused a venire was ordered by the trial judge to be summoned to appear, for the selection therefrom of the members of the jury which should try the accused; and in pursuance of that order the sheriff acted.

This is assigned as error, and it is urged by his counsel that this amounted to a denial to the prisoner of his constitutional right to be present in person at every step of his trial.

The constitution, in the embodied Declaration of Rights, art. 1, section 9, provides:

"That in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, and to have a copy thereof, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his favor, and in prosecutions by indictment or presentment, a speedy public trial, by an im-

partial jury of the county . . . in which the crime shall have been committed."

In *Andrews* v. *State,* 2 Sneed (34 Tenn.), 550, it was held that in criminal cases of the grade of felony, where the life or liberty of the accused is in peril, he has the right to be present, and must be present, during the trial and until the final judgment, so that there is no jurisdiction to receive a verdict or to pronounce final judgment in his absence.

The words "during the trial" are not to be construed to cover every preliminary step taken in preparation for the trial. It was ruled in *Hopkins* v. *State,* 10 Lea (78 Tenn.), 206, that a change of venue may be granted and ordered in the absence of a prisoner, upon his petition, provided he is under the custody or control of the court and "so circumstanced and situated that the court may command and have his personal attendance." In accord are *Jones* v. *State,* 152 Ind., 318, 53 N. E., 222, and *State* v. *Long,* 209 Mo., 366, 108 S. W., 35.

By a decided weight of authority the defendant's presence is not necessary at the ordering of matters purely preliminary to the trial; as, for example, at the time of fixing the day for the trial (*State* v. *Clark,* 32 La. Ann., 558; *State* v. *Abrams,* 11 Or., 169, 8 Pac., 327), or of hearing application and granting an order for the attachment of witnesses (*State* v. *Simien,* 36 La. Ann., 923).

It was said in the case of *Percer* v. *State,* 118 Tenn., 765, 775, 103 S. W., 780, 783, that "defendant's pres-

ence is not necessary during proceedings which are not part of the trial, but merely preliminary . . . thereto," citing *Jones* v. *State,* supra. While perhaps not necessary to the decision of the case then in hand, that was a statement of the correct rule of law, as is shown by several reported cases.

An order directing or authorizing the sheriff to summon a venire to be present at a subsequent date fixed for the trial of an accused is a mere setting on foot of an administrative function, and is not to be deemed a part of the "trial" of the cause at which the presence of the accused is required. *State* v. *Barrington,* 198 Mo., 23, 95 S. W., 235; *Osborn* v. *State,* 24 Ark., 629; *Pocket* v. *State,* 5 Tex. App., 552; *Ammons* v. *State,* 65 Fla., 166, 61 South., 496; *Ward* v. *Territory,* 8 Okl., 12, 56 Pac., 704.

In the last-cited case it is said that presence at the "trial" only means that the defendant shall be present in court from the beginning of the impaneling of the jury until the reception of the verdict and the discharge of the jury.

It was said by Chief Justice Marshall, in *Ex parte Bollman,* 4 Cranch (8 U. S.), 75, 2 L. Ed., 554, that "before the accused is put upon his trial all the proceedings are *ex parte.*" Clearly the order for the summoning of the venire, made by the trial judge in the absence of plaintiff in error, was not a violation of his constitutional right. Affirmed.