**STATE of Tennessee, Plaintiff–Appellee,**

v.

**Gregory MUSE, Defendant–Appellant.**

Supreme Court of Tennessee,
at Knoxville.

April 5, 1998.

John Knox Walkup, Attorney General, Michael E. Moore, Solicitor General, Sandy Copous Patrick, Assistant Attorney General, Eugene J. Honea, Assistant Attorney General, Nashville, Michael L. Flynn, District Attorney General, Philip H. Morton, Assistant Attorney General, Maryville, for Plaintiff–Appellee.

Gerald C. Russell, Maryville, for Defendant–Appellant.

## *OPINION*

REID, Special Justice.

This case presents for review the appeal by the defendant, Gregory Muse, from the judgment of the Court of Criminal Appeals affirming the conviction of aggravated assault. Permission to appeal was granted in order to decide if the defendant is entitled to a new trial because the jury was selected in his absence and without his knowledge. The Court finds that the defendant had a fundamental constitutional right to be present during voir dire, that he did not waive that right, and that his absence during the entire jury selection process is not subject to harmless error analysis. Therefore, the conviction is reversed and the defendant is granted a new trial.

## I

On August 31, 1994, the defendant threatened his wife with a shotgun and held her captive in their home until the police arrived. He subsequently was charged with aggravated assault. His trial was set for January 19, 1995.

On January 17, 1995, defense counsel moved for a continuance because he wanted to attend an out-of-town event on the evening of January 19th. The trial court denied the motion but offered to conduct voir dire on January 18th to expedite the disposition of the case.

The defendant was not present when the jury was selected on January 18th. In response to the trial court's inquiry about whether the defendant would be in the courtroom for voir dire, defense counsel merely responded in the negative. No explanation was given for the defendant's absence. The defendant was in attendance on January 19th when the proof was presented.

The jury convicted the defendant of aggravated assault. He was sentenced to four years with all but thirty days suspended.

In his motion for a new trial, the defendant claimed that it was plain error to conduct the voir dire proceeding in his absence. The defendant asserted that "[t]his proceeding was a vital part of his trial and defendant did not waive his presence at this voir dire." At the hearing on the motion for a new trial, defense counsel acknowledged that he did not object when the jury was selected the day before the trial date because it was done to accommodate his schedule. Defense counsel further stated that he did not advise the defendant that the jury would be selected on January 18th.

The trial court denied the motion for a new trial. The Court of Criminal Appeals held that the issue was waived because the record was inadequate. That court found that in the absence of a transcript the issue was not subject to review. After granting the application for permission to appeal, this Court also granted the defendant's motion to supplement the record on appeal with the motion for a new trial, the transcript of the voir dire proceeding, and the transcript of the hearing on the motion for a new trial.

## II

The right of an accused to be present at his own trial is a fundamental right. *United States v. Alikpo,* 944 F.2d 206, 208 (5th Cir.1991); *United States v. Hernandez,* 873 F.2d 516, 518 (2nd Cir.1989). That right derives from several sources. Article I, § 9 of the Tennessee Constitution provides that "the accused hath the right to be heard by himself and his counsel." The "right to be heard by himself" requires the presence of the defendant during the entire trial. *Watson et al. v. State,* 166 Tenn. 400, 61 S.W.2d 476, 477 (1933). Presence at "trial" means that the defendant must be "present in court from the beginning of the impaneling of the jury until the reception of the verdict and the discharge of the jury." *Logan v. State,* 131 Tenn. 75, 173 S.W. 443, 444 (1915).

A defendant also has a due process right under the federal and state constitutions to be present. The right to presence is "protected by the Due Process Clause in some situations where the defendant is not actually confronting witnesses or evidence against him." *United States v. Gagnon,* 470 U.S. 522, 526, 105 S.Ct. 1482, 1484, 84 L.Ed.2d 486 (1985) (per curiam). The defendant has a constitutional right to be present at a proceeding "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge." *Id.* (quoting *Snyder v. Massachusetts,* 291 U.S. 97, 105–06, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934)).

Also, Rule 43(a) of the Tennessee Rules of Criminal Procedure explicitly gives a defendant the right to be present "at every stage of the trial including the impaneling of the jury." [1] The rule was adopted, with modifications not pertinent here, from Rule 43 of

1. Rule 43(a) provides:
 Presence Required.—Unless excused by the court upon defendant's motion, the defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of the sentence, except as otherwise required by this rule.

the Federal Rules of Criminal Procedure. *State v. Kirk,* 699 S.W.2d 814, 818 (Tenn. Crim.App.1985), *cert. denied,* 475 U.S. 1023, 106 S.Ct. 1215, 89 L.Ed.2d 327 (1986). Rule 43 embodies the protections afforded by the Confrontation Clause of the Sixth Amendment, the right to be present derived from the Due Process Clause of the Fifth and Fourteenth Amendments, and the common law privilege of presence. 8B *Moore's Federal Practice* ¶ 43.02[1] (2d ed.1996). Thus, its scope is broader than the constitutional right alone. *See, e.g., Gagnon, supra* (holding that the defendants' presence at an *in camera* conference between the judge, defense counsel and a juror regarding the juror's possible bias, while not constitutionally mandated, was required by Rule 43).

 In this case, the Court finds that the defendant had a constitutional right, as well as a Rule 43(a) right, to be present at voir dire. There is a constitutional right because the presence of the defendant during jury selection had a reasonably substantial relation to his opportunity to defend against the charge. The importance of the defendant's presence at voir dire has been stated as follows:

> [T]he defendant has unique knowledge which is important at all stages of the trial, including voir dire. At the voir dire he may, for example, identify prospective jurors that he knows. He may also have knowledge of facts about himself or the alleged crime which may not have seemed relevant to him in the tranquility of his lawyer's office, and thus may not have been disclosed, but which may become important as the individual prejudices or inclinations of the jurors are revealed. He may also be a member of the community in which he will be tried and might be sensitive to particular local prejudices his lawyer does not know about.

*United States v. Alessandrello,* 637 F.2d 131, 151 (3rd Cir.1980) (Higginbotham, J., dissenting) (decision holding that brief absence from voir dire was harmless error), *cert. denied,* 451 U.S. 949, 101 S.Ct. 2031, 68 L.Ed.2d 334 (1981). The fact that the defendant had a right to be present during jury selection, however, does not end the inquiry.

Though a fundamental right, the right to be present can be waived by the defendant. The Court must next determine whether the defendant waived that right.

## III

The right of an accused to be present throughout the proceedings may be waived by the defendant. Voluntary absence after the trial has commenced or in-court misbehavior may constitute waiver of the right to be present. *See* Tenn.R.Crim.P. 43(b). The principles governing waiver of the right to be present for trial are summarized in *Kirk, supra:*

> An accused who has notice of the time and place of the trial and of his right to attend, and who nonetheless voluntarily absents himself, will be deemed to have waived his right to be present.... [T]he court should indulge every reasonable presumption against a waiver. Counsel should be given a reasonable opportunity to locate his client, and there should be affirmative evidence that the accused was informed of his trial date. We think it is wise to take special precautions when a defendant fails to appear on the date set for trial and to require a high standard of proof that the defendant knew his trial date and that his absence is voluntary. Trial in his absence is not favored.... Mere absence at the time the case is called for trial is insufficient to show a waiver of the right to be present.

699 S.W.2d at 819.

Here, the record indicates that the defendant did not have notice that jury selection had been rescheduled. The trial court did not inquire if the defendant had been informed of the change in the schedule. There was no motion by the defendant that his presence be excused by the court. *See* Tenn. R.Crim.P. 43(a).

 There is a long-standing presumption against waiver of fundamental constitutional rights. *See Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). The relinquishment of a fundamental constitutional right may only be waived personally by the defendant and will

not be presumed from a silent record. *House v. State*, 911 S.W.2d 705, 714 n. 20 (Tenn.1995). In order to waive the right to be present for voir dire, a defendant must have knowledge of the right and, before voir dire is conducted, must personally waive the right either in writing or on-the-record in open court. In this case, defense counsel's representation that the defendant was not going to be present for voir dire does not suffice to constitute waiver.

## IV

Having determined that the defendant's statutory and constitutional rights were violated by conducting voir dire in his absence, the final issue is whether the error committed in the trial court may be considered harmless. Certain constitutional rights are so basic to a fair trial that their infraction has never been treated as harmless. *State v. Bobo*, 814 S.W.2d 353, 357 (Tenn.1991) (citations omitted). A defendant's right to be present during jury selection is such a right. *United States v. Crutcher*, 405 F.2d 239, 244 (2d Cir.1968), *cert. denied*, 394 U.S. 908, 89 S.Ct. 1018, 22 L.Ed.2d 219 (1969). Here, the defendant "observed not a single prospective juror, heard not a single response to the court's questions concerning personal and general matters, and participated in not a single peremptory challenge." *United States v. Gordon*, 829 F.2d 119, 128 (D.C.Cir.1987). The defendant had no opportunity to give advice or make suggestions to his lawyer. The Court concludes that without an effective waiver the defendant's absence from the entire voir dire proceeding resulted in such prejudice to the judicial process that automatic reversal is required. *See Bobo*, 814 S.W.2d at 358. While not reaching the issue of the effect of absence during part of voir dire, the Court notes that in all of the federal cases where the defendant's absence was deemed harmless, the defendant was absent during only a small portion of the jury selection process. *See Gordon*, 829 F.2d at 127–28 (discussing cases). The Court has not been referred to any case in which a defendant's absence from the entire jury selection process was found to be harmless error. *United States v. Camacho*, 955 F.2d 950, 956 (4th Cir.1992).

## V

In conclusion, the Court holds that the defendant had both a statutory right and a fundamental constitutional right to be present during jury selection, that he did not personally waive that right, and that his total absence from the proceeding is not subject to harmless error analysis and requires automatic reversal. Accordingly, the defendant's conviction is reversed and the case is remanded for a new trial.

Costs are taxed against the State.

ANDERSON, C.J., and DROWOTA and HOLDER, JJ., concur.

BIRCH, J., not participating.