**STATE of Tennessee, Appellee,**

v.

**Terry BALLARD a/k/a Terry Battle, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 3, 2000.

No Application for Permission to Appeal Filed.

Peter D. Heil (on appeal), Nashville, TN, and Judy Oxford (at trial), Franklin, TN, for appellant.

Paul G. Summers, Attorney General & Reporter, Russell S. Baldwin, Assistant Attorney General, Nashville, TN; Ronald Davis, District Attorney General, Jeff Burks, Assistant District Attorney General, Franklin, TN, for appellee.

## *OPINION*

THOMAS D. WOODALL, Judge.

Defendant Terry Ballard a/k/a Terry Battle was convicted by a Williamson County jury of theft of property worth more than $1,000.00 and criminal impersonation. The trial court subsequently sentenced Defendant as a career offender to consecutive terms of twelve years for theft and six months for criminal impersonation. Defendant challenges his conviction, raising the following issue: whether the trial court erred when it excluded Defendant from his trial. After a review of the record, we reverse the judgment of the trial court and remand this matter for a new trial.

## BACKGROUND

On October 20, 1996, Defendant and two accomplices parked a vehicle by an entrance to the Sears at the Cool Springs Mall in Franklin, Tennessee. A short time later, the accomplices distracted the clerk of the electronics department while Defendant took a $2,800.00 computer and left the store without paying for it. When Defendant exited the store and was confronted by a security officer, he dropped the computer and fled in the vehicle. Defendant subsequently drove to another area of the mall parking lot, altered his appearance by turning his jacket inside out, entered and exited the mall, and threw a car key in some bushes. Shortly thereafter, Defendant was apprehended by a police officer.

Defendant subsequently provided the police officer with a false name.

The record in this case, which consists of several audio/videotapes, indicates that on the day of trial, the trial court called Defendant's case and then immediately had the prosecutor, the defense attorney, and Defendant go into the jury room for a brief meeting. The judge then told Defendant that some "civilian" clothes were available for him to wear during the trial, but Defendant stated that he would not wear the clothes because they were not his. Defendant also stated that he was unhappy with defense counsel's failure to assert the insanity defense and he began pounding on the table. The judge then stated that Defendant could be excluded from trial if he was disruptive and Defendant stated that he was being "railroaded." At this point, the judge told the deputy to take Defendant into the courtroom for trial, but Defendant became angry and began yelling at defense counsel for not asserting an insanity defense and he accused defense counsel of lying about his case.

Shortly thereafter, the trial judge told Defendant that his case was going to trial. In response, Defendant accused the judge of "railroading" him and called the judge a "redneck m__f__ing Hoosier." The judge then stated that Defendant had waived his right to be present during trial and he directed a deputy to place Defendant in a nearby holding cell. Defendant replied by stating that he did not care what the judge did and then stating "redneck m__f__ing Hoosier trying to railroad me, conflict of interest here punk, g__d__n you."

After the meeting in the jury room, the entire trial was conducted in Defendant's absence. When the prosecutor asked the judge during trial how the witnesses would identify Defendant, the judge stated that they could either go view Defendant in the holding cell or Defendant could be brought into the courtroom. The judge then stated that it would not be in Defendant's best interest to be in the courtroom, so the witnesses would simply have to testify that

the individual who committed the offense was the same individual they had just viewed in an adjacent room.

At the conclusion of the trial, the jury convicted Defendant of both of the charged offenses.

## ANALYSIS

Defendant contends that the trial court committed reversible error when it excluded him from his trial. We agree.

### A.

It is beyond dispute that a defendant has a right under both the federal and state constitutions to be present during his or her trial. *See State v. Muse*, 967 S.W.2d 764, 766–67 (Tenn.1998) (citing U.S. Const.amends. V, VI, XIV; Tenn. Const. art. I, § 9). In addition, a defendant has a statutory right to be present during trial. *Muse*, 967 S.W.2d at 767 (citing Tenn.R.Crim.P. 43(a)). "Presence at trial means that the defendant must be present in court from the beginning of the impaneling of the jury until the reception of the verdict and the discharge of the jury." *Muse*, 967 S.W.2d at 766 (citation and internal quotations omitted).

### B.

■ Although it is a fundamental right, the right to be present at trial can be waived by a defendant. *Id.* at 767. The methods of waiving this right are contained in Rule 43 of the Tennessee Rules of Criminal Procedure, which states in relevant part:

(a) Presence Required. Unless excused by the court upon defendant's motion, the defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

(b) Continued Presence Not Required. The further progress of the trial to and including the return of the verdict and

imposition of sentence shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present:

. . . .

(2) After being warned by the court that disruptive conduct will cause the defendant to be removed from the courtroom, persists in conduct which is such as to justify exclusion from the courtroom. If a trial proceeds in the voluntary absence of the defendant or after the defendant's removal from the courtroom, he or she must be represented in court by competent counsel; and, if the defendant has been removed from the courtroom, he or she shall be given reasonable opportunity to communicate with counsel during the trial. If a trial is proceeding with the defendant excluded from the courtroom because of disruptive conduct, the court shall periodically determine at reasonable intervals whether the defendant will then signify willingness to avoid creating a disturbance if allowed to return to the courtroom and shall permit such return when the defendant so signifies and the court reasonably believes the defendant.

Tenn.R.Crim.P. 43.

■ The State contends that pursuant to Rule 43(b)(2), Defendant waived his right to be present at trial by engaging in disruptive behavior. There is no question that Defendant's behavior during the pretrial meeting in the jury room was disruptive, not to mention disrespectful and vulgar. However, we conclude that Defendant's actions did not constitute a Rule 43(b)(2) waiver of his fundamental right to attend his trial. Rule 43(b)(2) expressly states that waiver occurs when "a defendant, *initially present* . . . [a]fter being warned by the court that disruptive conduct will cause the defendant *to be removed from the courtroom*, persists in conduct which is such as to justify exclu-

sion from the courtroom." (Emphasis added). The clear implication from the language "initially present" and "to be removed from the courtroom" is that Rule 43(b)(2) only allows the trial court to prevent a defendant from continued attendance at his or her trial when the defendant was initially permitted to attend the trial, but engaged in disruptive behavior during the trial. Here, Defendant was not "initially present" and he did not engage in disruptive behavior during trial. Instead, Defendant engaged in disruptive pretrial behavior outside of the courtroom and he was never allowed to attend any portion of his trial.

■ We also conclude that even if Defendant's disruptive behavior during the meeting in the jury room could be considered an initial waiver of his right to attend trial under Rule 43(b)(2), his right to attend trial was still violated because the trial court failed to comply with the express requirements of the rule. Rule 43(b)(2) requires that once the defendant has been excluded,

he or she shall be given reasonable opportunity to communicate with counsel during the trial. If a trial is proceeding with the defendant excluded from the courtroom because of disruptive conduct, the court shall periodically determine at reasonable intervals whether the defendant will then signify willingness to avoid creating a disturbance if allowed to return to the courtroom and shall permit such return when the defendant so signifies and the court reasonably believes the defendant.

Tenn.R.Crim.P. 43(b)(2). Here, Defendant was represented by counsel and the trial court provided Defendant with a reasonable opportunity to communicate with counsel during trial (although nothing in the record indicates that counsel in fact made any attempt to communicate with Defendant). However, the record indicates that once the trial began with the start of jury selection, the trial court never determined whether or not Defendant was

willing to avoid creating a disturbance if he was allowed to be in the courtroom. Rather, the trial court decided that it would not be in Defendant's best interest to attend his trial.

In short, we conclude that the trial court violated Defendant's fundamental right to attend his trial when it prevented Defendant from attending any portion of his trial.

## C.

■ The State essentially concedes that the trial court erred by excluding Defendant from his entire trial, but the State contends that any error was harmless because the case against Defendant was overwhelming. We agree that the case was overwhelming, at least in regard to the theft charge. Indeed, Defendant's preparation for the theft, Defendant's commission of the theft, Defendant's flight after committing the theft, and Defendant's apprehension by law enforcement were all recorded on two videotapes that were shown to the jury. Nevertheless, we conclude that the trial court's error in preventing Defendant from attending his trial requires reversal.

In *Muse*, the Tennessee Supreme Court held that it was automatic reversible error for a trial court to conduct jury selection without the presence of the defendant. The supreme court stated:

Having determined that the defendant's statutory and constitutional rights were violated by conducting voir dire in his absence, the final issue is whether the error committed in the trial court may be considered harmless. Certain constitutional rights are so basic to a fair trial that their infraction has never been treated as harmless. A defendant's right to be present during jury selection is such a right. Here, the defendant observed not a single prospective juror, heard not a single response to the court's questions concerning personal and general matters, and participated in not a single peremptory challenge. The

defendant had no opportunity to give advice or make suggestions to his lawyer. The Court concludes that without an effective waiver the defendant's absence from the entire voir dire proceeding resulted in such prejudice to the judicial process that automatic reversal is required.

967 S.W.2d at 768 (citations and internal quotations omitted).

In this case, not only was Defendant excluded from jury selection, he was excluded from the entire trial. As was the defendant in *Muse*, Defendant was prevented from observing voir dire and making suggestions to defense counsel. Moreover, Defendant was preventing from observing the State's witnesses and the evidence introduced by the State. Thus, Defendant obviously could not provide defense counsel with any advice or suggestions in regard to the State's evidence. (In fact, we note that in Defendant's absence, defense counsel did not cross-examine a single State witness, did not challenge the introduction of the videotapes, and did not make an opening statement or a closing argument.) Further, the exclusion of Defendant from his entire trial prevented him from having the opportunity to testify in his own behalf if he chose to do so.

We conclude that the result in this case is directly controlled by *Muse*. Indeed, Rule 36(b) of the Tennessee Rules of Appellate Procedure provides that an error is not harmless if "error involving a substantial right ... would result in prejudice to the judicial process." *See also State v. Bobo*, 814 S.W.2d 353, 358. We conclude that the improper exclusion of Defendant from his entire trial resulted in prejudice to the judicial process that requires automatic reversal.

## CONCLUSION

In conclusion, we hold that Defendant did not waive his constitutional and statu-

tory right to be present at his trial and the trial court violated that right when it completely excluded Defendant from attending his trial. Further, we hold that this error so prejudiced the judicial process that automatic reversal is required. Accordingly, the judgment of the trial court is reversed and this matter is remanded for a new trial.

WELLES and SMITH, JJ., concur.