IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE



**FILED**

**March 30, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

NAPOLEON MOMON,        )     **FOR PUBLICATION**

     Appellant,           )

v.                         )     HAMILTON CRIMINAL

STATE OF TENNESSEE,      )     HON. STEPHEN M. BEVIL,
                               )     JUDGE

     Appellee.            )

                               )     No. E1996-00007-SC-R11-PC

                               )     (Post Conviction)

For the Appellant:
Stephen M. Goldstein
Chattanooga, Tennessee

For Amicus Curiae
Tennessee Association of Criminal
Defense Lawyers
Paula R. Voss
Knoxville, Tennessee

David M. Siegel
Associate Professor
New England School of Law
Boston, Massachusetts

For the Appellee:
Paul G. Summers
Attorney General & Reporter

Michael E. Moore
Solicitor General

Daryl J. Brand
Associate Solicitor General
Nashville, Tennessee

William H. Cox, III
District Attorney General
11th Judicial District

Rodney C. Strong
Assistant District Attorney
Chattanooga, Tennessee

# OPINION ON PETITION TO REHEAR

The appellant, Napoleon Momon, and Amicus Curiae, Tennessee

Association of Criminal Defense Lawyers, ("TACDL"), have filed petitions to rehear

the opinion of this Court issued on November 15, 1999. The appellant asserts in

his petition that the Court erred in finding that the harmless error doctrine may be applied to a violation of the fundamental right to testify. TACDL challenges the voir dire procedure adopted in the opinion and argues that a defendant should also be permitted to execute a written waiver of the right to testify in place of the on-the-record voir dire waiver. In its response, the State asserts that the Court could modify its decision to allow the defendant to make an on-the-record statement acknowledging that he or she has been advised that

> (1) the defendant has the right not to testify, and if the defendant does not testify, then the jury (or court) may not draw any inferences from the defendant's failure to testify;
>
> (2) the defendant has the right to testify and that if the defendant wishes to exercise that right, no one can prevent the defendant from testifying;
>
> (3) the defendant has consulted with his or her counsel in making the decision whether or not to testify; that the defendant has been advised of the advantages and disadvantages of testifying; and that the defendant has voluntarily and personally waived the right to testify.

According to the State, this on-the-record statement approach is preferable to a written waiver and also protects the attorney-client privilege. However, in the event the Court agrees with TACDL and permits a written waiver, the State asserts that the waiver should not be executed until after the presentation of the prosecution's case-in-chief.

After due consideration, we conclude that the appellant's petition to rehear challenging the Court's application of the harmless error doctrine to a violation of the right to testify should be and hereby is DENIED. The members of this Court continue to adhere to their original opinions on this issue.

-2-

However, the petition to rehear filed by TACDL is well-taken and is GRANTED. We hereby hold that defendants may waive the right to testify either by signing a written waiver or by engaging in the voir dire procedure set out in the initial decision of this Court. Cf. Tenn. R. Crim. P. 23 (allowing a written waiver of trial by jury); State v. Muse, 967 S.W.2d 764, 768 (Tenn. 1998) (stating that right to be present at voir dire of the jury may be personally waived by the defendant either in writing or on-the-record in open court.") If a written waiver is executed, the written form must show at a minimum that the defendant knew and understood items 1-3 above. In addition, we agree with the State that the written waiver should not be executed before the close of the prosecution's case-in-chief.

Costs of this petition to rehear is taxed against the State for which execution may issue if necessary.

PER CURIAM