# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 3, 2006

## STATE OF TENNESSEE v. DENNIS JARRETT

**Direct Appeal from the Circuit Court for Madison County**
**No. 04-889      Donald H. Allen, Judge**

---

**No. W2005-02157-CCA-R3-CD  - Filed April 24, 2007**

---

Following a jury trial, Defendant, Dennis Jarrett, was convicted of driving after being declared a habitual motor vehicle offender, a Class E felony, and violation of the open container law, a Class C misdemeanor. The jury found Defendant not guilty of violation of the seatbelt law. Following a sentencing hearing, the trial court sentenced Defendant as a Range III career offender to six years for his felony conviction. Defendant does not appeal the length of his sentence or the sufficiency of the evidence supporting his misdemeanor conviction. On appeal, Defendant argues that (1) the evidence was insufficient to support his felony conviction; (2) the trial court erred in not granting Defendant's motion for a mistrial; and (3) the trial court erred in excluding Defendant from the courtroom during his trial. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

George Morton Googe, District Public Defender; Gregory D. Gookin, Assistant Public Defender; and Joseph T. Howell, Assistant Public Defender, for the appellant, Dennis Jarrett.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Anna M. Banks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I. Background

Trooper Claude Cain with the Tennessee Highway Patrol testified that he received a "tip" about Defendant from an unidentified individual on October 30, 2003. A few minutes later, Trooper Cain spotted Defendant's vehicle and pulled him over. Trooper Cain stated that he ran a computer

check of Defendant's driver's license and confirmed that Defendant had previously been declared a habitual motor vehicle offender. Trooper Cain stated that a habitual motor vehicle offender status entailed the loss of driving privileges in Tennessee. Trooper Cain identified a certified copy of an order from Hardeman County signed by Judge Blackwood declaring Defendant to be a habitual motor vehicle offender. At the State's request, the order was entered into evidence as Exhibit One without objection by defense counsel. Although a copy of the order is not included in the record on appeal, Trooper Cain's testimony and the trial court's findings are sufficiently clear to determine the content of Exhibit One.

Trooper Cain testified that an open can of beer which was two-thirds full was between the front bucket seats of Defendant's vehicle. On cross-examination, Trooper Cain stated that Defendant was the only individual in the vehicle when he was pulled over and acknowledged that he did not observe Defendant commit any moving violations prior to the stop.

## II. Sufficiency of the Evidence

Defendant argues that the evidence was insufficient to support his conviction because Trooper Cain did not actually observe Defendant operating his vehicle.

In reviewing Defendant's challenge to the sufficiency of the convicting evidence, we must review the evidence in a light most favorable to the prosecution in determining whether a rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560, 573 (1979). Once a jury finds a defendant guilty, his or her presumption of innocence is removed and replaced with a presumption of guilt. *State v. Black*, 815 S.W.2d 166, 175 (Tenn. 1991). The defendant has the burden of overcoming this presumption, and the State is entitled to the strongest legitimate view of the evidence along with all reasonable inferences which may be drawn from that evidence. *Id.; State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The jury is presumed to have resolved all conflicts and drawn any reasonable inferences in favor of the State. *State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984). Questions concerning the credibility of witnesses, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this court. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

Tennessee Code Annotated section 55-10-616 provides that:

(a) It is unlawful for any person to operate any motor vehicle in this state while the judgment or order of the court prohibiting the operation remains in effect.

(b) Any person found to be an habitual offender under the provisions of this part who thereafter is convicted of operating a motor vehicle in this state while the judgment or order of the court prohibiting such operation is in effect commits a Class E felony.

Defendant does not challenge his status as a habitual motor vehicle offender. Instead, Defendant contends that "Trooper Cain did not actually see [Defendant] driving until he received a 'tip' from a private citizen."

The Tennessee Supreme Court has adopted a totality of the circumstances test for the purposes of determining whether a person was in physical control of a motor vehicle or driving a motor vehicle. *State v. Butler*, 108 S.W.3d 845, 850 (Tenn. 2003). Such an inquiry is highly factual and all circumstances should be taken into consideration by the trier of fact when determining whether the defendant actually drove the vehicle or was in physical control of the vehicle in a particular case. *Id*.

Trooper Cain testified that he stopped Defendant by the side of a public roadway, and that Defendant was the only individual in the car. Viewing the evidence in a light most favorable to the State, the evidence was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that Defendant was driving the motor vehicle when he was pulled over by Trooper Cain. The State introduced a certified copy of the order adjudicating Defendant a habitual motor vehicle offender without objection. Accordingly, we conclude that the evidence is sufficient to support Defendant's conviction of driving in Tennessee while declared a habitual offender.

## II. Motion for Mistrial

During Trooper Cain's direct examination, the following colloquy occurred:

| | |
|---|---|
| [THE STATE]: | Trooper, will you tell the jury about your encounter with [Defendant]? |
| [TROOPER CAIN]: | Okay. I received a tip about [Defendant]. I stopped him and [ran] a check on his driver's license, and he come [sic] back as a habitual offender. And at that time, he had – it was nine prior DUI's and seven driving on – |
| [DEFENSE COUNSEL]: | Your Honor, may we approach? I apologize. |
| [THE COURT]: | All right. Let's approach the side-bar. |
| | (Whereupon, a discussion was held off the record, after which the proceedings resumed as follows.) |
| [THE COURT]: | All right. Ladies and gentlemen, I'm going to ask you to disregard the statement about some prior record. You are to disregard that. You are not to consider that when you go back to your final deliberations, okay? |

> You cannot consider that testimony that was given about his prior record. Okay. All right. Go ahead. You may proceed.

Although Defendant's initial motion for a mistrial was apparently made off the record, Defendant renewed his motion at the conclusion of the State's case-in-chief, and the trial court made the following findings:

> Hand me Exhibit 1. Well, obviously, you know, [Defendant is] here today charged with violation of habitual motor vehicle offender status, and also charged with violation of open container law and violation of seatbelt law.
>
> Now, of course obviously I would have preferred that the testimony not come in about his prior DUI's, you know, obviously that is something that . . . probably should not have been discussed. I did deny your motion for mistrial at that time, although I did instruct the jury that they are not to consider that testimony about his prior criminal record.
>
> So now, my thought is as of this time, is that the State has introduced into evidence, an order, declaring the defendant an habitual offender, under the Motor Vehicle Habitual Offender Act, which has been marked as Exhibit 1, and of course, this [order], in detail, states prior DUI convictions, prior driving on a revoked license convictions, prior reckless driving convictions, so I really don't see the harm at this point.
>
> The defendant had no objection, no objection to this document being moved into evidence. I asked the defense if they objected to this document, they said they didn't and it was moved into evidence.

A mistrial should be declared in criminal cases only in the event that a manifest necessity requires such action. *State v. Millbrooks*, 819 S.W.2d 441, 443 (Tenn. Crim. App. 1991). In other words, a mistrial is an appropriate remedy when a trial court cannot continue without causing a miscarriage of justice. *State v. McPherson*, 882 S.W.2d 365, 370 (Tenn. Crim. App. 1994). The decision to grant a mistrial lies within the sound discretion of the trial court, and that decision will not be overturned on appeal absent a clear abuse of that discretion. *State v. Hall*, 976 S.W.2d 121, 147 (Tenn.1998) (citing *State v. Adkins*, 786 S.W.2d 642, 644 (Tenn. 1990)). The burden of establishing the necessity for a mistrial lies with the party seeking it. *State v. Williams*, 929 S.W.2d 385, 388 (Tenn. Crim. App. 1996).

The trial court immediately issued a curative instruction which the jury is presumed to have followed. *State v. Reid*, 91 S.W.3d 247, 279 (Tenn. 2002). Moreover, the trial court found that Exhibit 1 provided the same information to the jury as the substance of Trooper Cain's brief testimony concerning Defendant's prior convictions, and that such information was introduced into

-4-

evidence without any objection by Defendant. Under these circumstances, we conclude that the trial court did not abuse its discretion by denying Defendant's request for a mistrial. Defendant is not entitled to relief on this issue.

## III. Exclusion of Defendant from the Courtroom

Defendant argues that the trial court erred in excluding him from the courtroom during his trial. Defendant was originally scheduled for trial on the current charges on February 10, 2005. Defendant was brought into the courtroom where he engaged in disruptive behavior including yelling uncontrollably, cursing, and apparently attempting to attack the assistant district attorney general. Defendant was returned to his cell to calm down. The trial court noted during Defendant's absence that Defendant had previously been evaluated by the Western Mental Health Center and found competent to stand trial. The trial court also observed that Defendant had conducted himself appropriately in other proceedings before the trial court. Defense counsel left the courtroom to confer with Defendant, and Defendant was returned to the courtroom, still engaging in disruptive conduct. The trial court attempted several times to converse with Defendant to no avail. Eventually, the trial court ordered that Defendant be gagged, but Defendant continued engage in disruptive behavior. Defendant was found in contempt of court three times during this incident. The trial court granted defense counsel's motion for a continuance.

Trial was rescheduled for February 25, 2005. At the commencement of the proceedings, the trial court was informed that Defendant refused to dress for trial and come into the courtroom. Defendant's mother and his counsel went to Defendant's cell to convince him to accompany the sheriff into the courtroom, but Defendant refused to cooperate. Eventually, he was physically brought into the courtroom. A sample of Defendant's inappropriate behavior is as follows:

[DEFENDANT]:     F___ you, Judge, I ain't doing a g__d___ thing, s___ --

[THE COURT]:     All right. Hang on.

[DEFENDANT]:     I ain't doing the same s___ every day. Get out of the way.

[THE COURT]:     Sheriff –

[DEFENDANT]:     Get out of the g__d___ way. I'm tired of people –

[THE COURT]:     – if you'll ask –

[DEFENDANT]:     f___ with me.

[THE COURT]:     Keep the jurors out of the courtroom.

[DEFENDANT]:     Every g__d___ (unintelligible) at night, can't sleep. The

damn b___ shot my leg off.  Get back.  Get out of the way.
I'm tired of this same s___ ever f____ day.

[THE COURT]:          [Defendant?  Defendant?]

This colloquy went on for an extended period of time during which the trial court attempted to explain to Defendant that he would be removed from the courtroom if he continued his disruptive behavior.  Defendant, who was in a wheelchair at the time of trial, was pulled back from the table, and the jurors were brought in.  Defendant continued his disruptive behavior, and the jurors were removed from the courtroom.  The trial court called for a brief recess and Defendant was returned to his cell.  The following colloquy occurred:

[THE COURT]:          Bring [Defendant] up from the jail and bring him into the courtroom, please.

[DEFENDANT]:         Hey, did you ask them to bring me into the courtroom?

[THE COURT]:          All right.  Let's bring the jurors in the courtroom.

[DEFENDANT]:         (Unintelligible).

[THE COURT]:          Let's bring the jurors in the courtroom, please. [Defendant], I'll need you to be quiet, okay?

[DEFENDANT]:         I done [sic] told you I don't want to come back in here.

[THE COURT]:          I'm going to let you leave in a minute?  I want you to be quiet, okay?  Let's see, ladies and gentlemen, come on in and have a seat in the courtroom, please.

                              (Whereupon, the jurors were brought into the courtroom).

[DEFENDANT]:         Get me up out of here.  I ain't (unintelligible) g__d___ – get me out of here.  Get me up out of here, man.  I don't want to hear all this s___.

[THE COURT]:          Come on in and have a seat, ladies and gentlemen.

[DEFENDANT]:         Get me up out of here.

[THE COURT]:          [Defendant] --

[DEFENDANT]:         Get me up out of here, man.

[THE COURT]:     [Defendant], I'm going to order you one more time to be quiet, okay?

[DEFENDANT]:     Get me up out of this courtroom, man.

[THE COURT]:     I'm ordering you to be quiet, do you hear me?

[DEFENDANT]:     Get me up out of this courtroom. You told me [a]while ago I ain't going to have to come back up here. I'm tire of this, y'all crooks. You ain't nothing but a drunk old crook.

[THE COURT]:     All right.

[DEFENDANT]:     (Unintelligible).

[THE COURT]:     Ladies and gentlemen, we've got a trial for today.

[DEFENDANT]:     Get me up out of here.

[THE COURT]:     We're going to begin our jury selection process in just few moments.

[DEFENDANT]:     (Unintelligible).

[THE COURT]:     [Defendant] --

[DEFENDANT]:     (Unintelligible) treat people on the streets (unintelligible).

[THE COURT]:     [Defendant], I'm –

[DEFENDANT]:     They treat me like a dog in here.

[THE COURT]:     – ordering you – [Defendant], I'm ordering you –

[DEFENDANT]:     They treat me like a dog in here.

[THE COURT]:     – to be quiet.

[DEFENDANT]:     They treat me like a dog in here. (Unintelligible) cells.

[THE COURT]:     If you continue with your disruptive behavior . . . I'm going to have to remove you from the courtroom.

[DEFENDANT]:     – an hour a day.  They done [sic] shot my leg off.

[THE COURT]:     Do you understand that?

[DEFENDANT]:     (Unintelligible).  I want you jury to know how they treat me.

The colloquy continued in this vein until Defendant was removed from the courtroom prior to voir dire.  After opening statements, Defendant was returned to the courtroom.  The trial court repeatedly attempted to calm Defendant down, but Defendant continued to talk, yell and curse in a similar manner as indicated above.  Defendant was removed from the courtroom during Trooper Cain's testimony.  The State rested, and the trial court called a recess to allow Defendant time to confer with his counsel and indicate whether he wished to return to the courtroom.

Defendant returned to the courtroom with his counsel, and the trial court conducted a hearing outside the presence of the jury pursuant to *Momon v. State*, 18 S.W.3d 152 (Tenn. 1999).  Defendant responded appropriately to the trial court's inquiries about his right to testify on his own behalf and decided not to exercise that right.  At the end of the hearing, Defendant resumed his disruptive behavior and advised the trial court that he would continue such conduct if he remained in the courtroom.  When Defendant would not conduct himself appropriately, he was removed from the courtroom for the final time.

A defendant has both a constitutional and a statutory right to be present during his or her trial. *See State v. Muse* 967 S.W.2d 764, 766-67 (Tenn. 1998) (citing U.S. Const. amends. V, VI, XIV; Tenn. Const. art. I, § 9; Tenn. R. Crim. P. 43(a)).  "Presence at 'trial' means that the defendant must be present in court from the beginning of the impaneling of the jury until the reception of the verdict and the discharge of the jury." *Id*. at 766 (citing *Logan v. State*, 131 Tenn. 75, 173 S.W. 443, 444 (1914)).

Although it is a fundamental right, the right to be present at trial can be waived by a defendant. *Id*. at 767.  The methods of waiving this right are contained in Rule 43 of the Tennessee Rules of Criminal Procedure, which states in relevant part:

(a) Presence Required.  Unless excused by the court upon defendant's motion, the defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

(b) Continued Presence Not Required.  The further progress of the trial to and including the return of the verdict and imposition of sentence shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present:

. . .

-8-

(2) After being warned by the court that disruptive conduct will cause the defendant to be removed from the courtroom, persists in conduct which is such as to justify exclusion from the courtroom. If a trial proceeds in the voluntary absence of the defendant or after the defendant's removal from the courtroom, he or she must be represented in court by competent counsel; and, if the defendant has been removed from the courtroom, he or she shall be given reasonable opportunity to communicate with counsel during the trial. If a trial is proceeding with the defendant excluded from the courtroom because of disruptive conduct, the court shall periodically determine at reasonable intervals whether the defendant will then signify willingness to avoid creating a disturbance if allowed to return to the courtroom and shall permit such return when the defendant so signifies and the court reasonably believes the defendant.

Tenn. R. Crim. P. 43 (2005).

Defendant was brought into the courtroom for his trial at the commencement of the proceedings and prior to the impanelment of the jury. Defendant was thus "initially present" as contemplated by Rule 43(b). *See State v. Ballard*, 21 S.W.3d 258, 260 (Tenn. Crim. App. 2000) (concluding that "Rule 43(b) only allows the trial court to prevent a defendant from continued attendance at his or trial when the defendant was initially permitted to attend the trial, but engaged in disruptive behavior during the trial"). Defendant's behavior was disruptive, disrespectful and, at times, vulgar. The trial court made repeated attempts to calm Defendant, but Defendant would not stop talking and yelling. The trial court on several occasions explained that Defendant would be removed from the courtroom if he persisted in his disruptive conduct, and Defendant consistently maintained that he did not want to be present in the courtroom during his trial. Defendant was extended the opportunity to confer with his trial counsel, and the trial court periodically brought Defendant back into the courtroom to ascertain his willingness to be present at his trial. The trial court conducted a *Momon* hearing during which Defendant was cooperative and responded appropriately. He then resumed his disruptive behavior and was again removed from the courtroom.

The Supreme Court has explicitly concluded "that a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Illinois v. Allen*, 397 U.S. 337, 343, 90 S.Ct. 1057,1060-61, 25 L. Ed. 2d 353 (1970).

Based on our review of the record, we conclude that Defendant waived his right to be present at trial by engaging in disruptive conduct, and that the trial court complied with the express requirements of Rule 43 of the Tennessee Rules of Criminal Procedure. Defendant was warned that his continued disruptive behavior would cause him to be removed from the courtroom, the trial court periodically gave Defendant the opportunity to communicate with counsel during the trial, and the

trial court periodically brought Defendant back into the courtroom to ascertain his willingness to be present at his trial.  Accordingly, Defendant is not entitled to relief on this issue.

## CONCLUSION

After review of the record, we affirm the judgment of the trial court.


_____
THOMAS T. WOODALL, JUDGE