■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE ANDERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered February 25, 1983, convicting him of burglary in the second degree, petit larceny, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The record indicates that the trial court did not undertake a "sufficiently 'searching inquiry' " of the defendant prior to allowing him to waive his right to counsel and proceed *pro se* (*see, People v Sawyer,* 57 NY2d 12, 21, *rearg dismissed* 57 NY2d 776, *cert denied* 459 US 1178; *People v McIntyre,* 36 NY2d 10, 17-18). It was therefore error for the court to grant the defendant's request to relieve his attorney and to represent himself.

Moreover, the court should not have allowed the defendant to continue to proceed *pro se* once the defendant demonstrated

by his conduct that his intent was not to pursue his self-representation in good faith, but was rather to disrupt the trial proceedings. During jury selection, the defendant became abusive, then insisted on being removed from the courtroom. Immediately prior to the commencement of trial, he attempted to flee the courtroom, necessitating his manacling. After indicating that he wished to make an opening statement, the defendant feigned muteness. Despite this unruly conduct, the the court thereafter dismissed the defendant's appointed standby counsel based upon the defendant's objection to the latter's presence at the defense table. Following the direct testimony of the first prosecution witness, the defendant made statements directly to the jury rather than cross-examining the witness, and engaged in obstreperous conduct that required him to be bound, gagged and ultimately removed from the courtroom. The trial proceeded to its conclusion without the presence of either the defendant or his standby counsel in the courtroom and without any defense being presented.

A defendant has a constitutional right to proceed *pro se (Faretta v California,* 422 US 806), but may forfeit that right by engaging in disruptive or obstreperous conduct "calculated to undermine, upset or unreasonably delay the progress of the trial" *(People v McIntyre, supra,* at 18), Further, part of the purpose of appointing standby counsel—which can be done even over the objection of the accused—is to have an attorney available to represent the accused in the event that termination of the defendant's self-representation becomes necessary *(Faretta v California, supra* at 835, n 46; *People v Sawyer, supra,* at 22). Here, given the early warning signs of trouble, the court should not have dismissed the defendant's standby counsel, who could have taken over the defense once the defendant's conduct had forced the court's hand *(cf., People v Allen,* 37 Ill 2d 167, 226 NE2d 1, *cert denied* 389 US 907).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.