IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 4, 2003

## STATE OF TENNESSEE v. RAY SAULSBERRY

**Direct Appeal from the Criminal Court for Shelby County**
**No. 01-03100-01     Joseph B. Dailey, Judge**

_____

**No. W2002-01484-CCA-R3-CD  - Filed January 30, 2004**

_____

The defendant was convicted of robbery and driving while a habitual motor vehicle offender.  The defendant contends on appeal that the trial court erred in 1) denying his constitutional right to the assistance of counsel, and 2) conducting the trial in absentia while the defendant was not represented by counsel.  We conclude that once elbow counsel has been appointed, and the defendant is absent voluntarily or through removal because of behavior, the trial court should require elbow counsel to represent the absent defendant.  Under the facts of this case, the trial court erred in not requiring elbow counsel to proceed to represent the defendant when he was removed from the courtroom. Accordingly, the judgments of conviction are reversed and remanded for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court
Reversed and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and JOE G. RILEY, JJ., joined.

Robert Wilson Jones, District Public Defender; and Tony N. Brayton, Michael Johnson, and Gregg Carman, Assistant Public Defenders, for the appellant, Ray Saulsberry.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William L. Gibbons, District Attorney General; and Amy Weirich, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, Ray Saulsberry, was convicted of robbery, a Class C felony, and driving while a habitual motor vehicle offender, a Class E felony.  The trial court sentenced him as a Range III, persistent offender, to fifteen years on the robbery conviction and six years on the driving while a habitual motor offender conviction, to be served consecutively for an effective sentence of twenty-one years.  This appeal timely followed.  The defendant contends on appeal that the trial court erred in 1) denying his constitutional right to the assistance of counsel, and 2) conducting the trial in

absentia while the defendant was not represented by counsel. The judgments of conviction are reversed and remanded for a new trial.

## Facts

On December 1, 2000, the victim, Arthur Lee Thornton, was returning to his car after shopping at a local Kroger supermarket. As the victim was placing bags of groceries into his vehicle, he heard cursing and noticed the defendant coming toward him. The defendant struck the victim on the left side of his head knocking the victim to the ground. The defendant got into the victim's vehicle and drove away, leaving the seventy-two-year-old victim lying on the ground bleeding from his ear. Police soon arrived on the scene and drove the victim to his residence. Approximately forty-five minutes later, a police officer returned to the victim's residence and informed him that his vehicle had been located at an apartment complex. The officer asked the victim to come with him to identify the vehicle, and the victim complied.

The police officers had located the victim's vehicle at an apartment complex approximately one-half of a mile from the Kroger store where it had been stolen. The defendant was found in the driver's seat of the car with the lights on and the keys in the ignition. After the victim arrived at the apartment complex, the police removed the defendant from the back of a patrol car, and the victim positively identified the defendant as the person who hit him and took his car. The defendant was tried and convicted by a jury of robbery and driving while a habitual motor vehicle offender.

## Pre-Trial Hearing - Friday, February 1, 2002

On the day before trial was scheduled to begin, the defendant requested the appointment of new counsel. After the trial court denied his request, the defendant requested that he be allowed to represent himself. The trial court granted the defendant's request to represent himself. The following colloquy occurred between the trial court and the defendant during the pre-trial hearing concerning the defendant's right to represent himself during his trial.

[DEFENDANT]: Well, I'll have to get me another public defender - I'll have to talk to my family or something because I'm not gonna go to no trial with him.

THE COURT: There won't be a lawyer that will take your case and be ready on Monday.

[DEFENDANT]: Well, I wish not to choose him as my public defender.

THE COURT: Well, you don't have that choice. Your choice is, you go to trial on Monday either representing yourself or -

[DEFENDANT]: Well, I'll have to represent myself.

THE COURT: You're going to represent yourself?

[DEFENDANT]: I'll do that.

THE COURT: Have you ever - how far did you go in school?

[DEFENDANT]: I went to the eleventh grade.

THE COURT: Have you ever tried a case before?

| | |
|---|---|
| [DEFENDANT]: | Have I ever tried a case before? |
| THE COURT: | Um-hum. |
| [DEFENDANT]: | No, sir. |
| THE COURT: | Have you ever read the rules of procedure - rules of evidence? |
| [DEFENDANT]: | No, but I think I could - I mean I think I could, you know, go through the procedures of it. |
| THE COURT: | All right. Before we get to that question, you listen to what Mr. Johnson is saying just to make sure you understand. I don't care whether you plead guilty or go to trial - it doesn't make any difference to me. But the fact is, you're charged with driving while an habitual motor vehicle offender, which carries six years at sixty percent if you're convicted. Okay? |
| [DEFENDANT]: | Yeah. |
| THE COURT: | You can plead not guilty. I'm not trying to get you to plead guilty. I'm just telling you what it is. |
| [DEFENDANT]: | Yeah, I'm - |
| THE COURT: | This is a fact of life - it carries six years at sixty percent if you're convicted based on your record. If the state can prove that this record is yours, then that's what you'll be sentenced to. |
| [DEFENDANT]: | Okay. |
| THE COURT: | Okay. All right. Go ahead, Mr. Johnson, with your explanation regarding the robbery case as well. And we're not trying to get you to plead guilty today. I just want - I want to make sure that the record is clear that this has all been explained to you, and after it's explained to you, and you know what you're facing, that you want to go to trial, which is fine. I go to trial every week. If it's not you, it's somebody else. |
| [DEFENDANT]: | Yeah. I still want to go. I'll represent myself. |
| THE COURT: | That's fine, but what I'm going to make sure of today is that this record that's being made of this is clear that you've had it explained to you what you're facing and it's your desire to reject that and go to trial. All right. So we've established driving while habitual motor vehicle, six years, sixty percent. Now, go ahead, Mr. Johnson. |
| Q: (Mr. Johnson) | Do you understand you're also charged with robbery, and if you are convicted on that offense, you would be looking at a sentence of fifteen years at sixty percent. Do you understand that? |
| A: | Yeah. |
| Q: | Okay. Do you understand there's also a possibility that the state would file a motion requesting consecutive sentencing, |

and if that were granted, then you would be looking at a sentence of twenty-one years at sixty percent. Do you understand that?

A: (Moved head up and down.)

Q: Do you understand the state has made you an offer in this matter of eleven years at forty-five percent. Do you understand that?

A: Yeah.

Q: Okay. And you indicated to me that you had a witness that you wished to call, but you have refused to give me the phone number or address of this person. Is that correct?

A: Yeah, because I don't want you - I don't want you as my lawyer - my PD.

. . .

THE COURT: All right. So it's your desire to represent yourself. Is that right, [DEFENDANT]?

[DEFENDANT]: Yes, sir.

THE COURT: You know, I would advise you against that because if you represent yourself, you would be held to the same standards that a lawyer would be. In other words, you don't get any special break because you're not a lawyer. If you stand up in front of the jury and do something that's not allowed under the rules, I'm not going to allow you to do it, and you're not going to be able to say, "Well, you know, I'm not a lawyer, I should be able to do that."

You're going to be held to the same rules, the same standards that a lawyer would be. You're going to be expected to handle your case in front of the jury appropriately just as a lawyer would. You've never tried a case; you've made it to the eleventh grade, never been to college, never been to law school; and so I would strongly, strongly advise against your representing yourself on a case where your total exposure is twenty-one years at sixty percent.

[DEFENDANT]: Well, see, no one knows my case better than I do.

THE COURT: Well, that's the decision that you've got to make, if you want to share your case with your lawyer, who is an outstanding attorney, Mr. Michael Johnson, who has tried many cases in this court and has done an outstanding job each and every time.

Now, it's up to you. You can work with him or not. No one is going to force you. It's a free country, and no one is going to force you to say anything to anybody. But if you want to

work with your lawyer, he is available and would do an outstanding job at trial next week.

. . .

THE COURT: [DEFENDANT], I'm going to - stand up, sir. I'm going to hold off on ruling on your request to represent yourself. Well, no, it's - is it still your desire to represent yourself in front of the jury?

[DEFENDANT]: Yes, sir. I mean, nobody knows my case better than I do, or either I want to talk to another public defender.

THE COURT: Well, you're not getting another public defender.

[DEFENDANT]: Well, I'll do it myself.

THE COURT: Well, this is what I'm going to do: You can represent yourself. You understand the limitations; that you'll be held to the same standards as an attorney would be?

[DEFENDANT]: (No audible response.)

THE COURT: You have to speak up.

[DEFENDANT]: Yes, sir.

THE COURT: You understand that, and you understand that you've not been formally trained or educated as a lawyer and that will present problems for you. And that you understand that you have a lawyer available for you if you want.

[DEFENDANT]: I'll do it myself.

THE COURT: Well, this is - I'm going to require that Mr. Johnson be in court sitting in the audience - on the front row of the audience during the trial, and if you have any questions about legal procedure or what you do next or how you do it next or that sort of thing, he's going to be there for you to - during recesses, you can consult with him. It's called elbow counsel. He'll be there to provide you with information on the procedures of trying a lawsuit if you want to take advantage of that. And I'm also going to require him to stay on the case long enough to hear the suppression motion Monday morning. We'll hear the suppression motion, and then if you still want to represent yourself, he'll be sitting in the courtroom to provide you with assistance if you want it.

## Voir Dire - Monday, February 4, 2002

The following colloquy occurred between the trial court and the defendant during the jury selection process prior to the beginning of the trial.

THE COURT: All right. Bring out [DEFENDANT], please.

(Defendant in.)

THE COURT: All right. [DEFENDANT], let me explain a couple of things to you. Sit up at the table, sir. You're representing yourself in this case. I view these matters very seriously. Your case is set for trial. We don't just reset cases.

[DEFENDANT]: I knew you couldn't do that at first.

THE COURT: Hold on a second.

[DEFENDANT]: I'm waiting for you to mess up. All I'm gonna do is put paperwork on it.

THE COURT: Hold on a second.

[DEFENDANT]: Matter of fact, I still am because that was not right. You can't make me go to no trial, Your Honor.

THE COURT: [DEFENDANT] - is this a potential juror?

SERGEANT HALL: It is, Your Honor.

[DEFENDANT]: You cannot make me go to no trial. And you can't give me no counselor - no public defender that I do not want. I got a constitutional issue here. Just cause I'm locked up because I'm a black man, you think I ain't got no sense, but it's a lot of people in that jail that knows the law.

THE COURT: Well -

[DEFENDANT]: Think about that.

THE COURT: - that's good. Let me explain -

[DEFENDANT]: Now, just think about that.

THE COURT: - [DEFENDANT]. No, let me explain to you, [DEFENDANT], if you're not willing to sit in this trial - the case is going to go to trial this week - it's going to go to trial. And you've got a choice to make. We would love to have you in here with us. It's your case, and I'd love to have you sitting here listening to the witnesses that are going to be testifying against you. But if you're not willing to sit here and conduct yourself appropriately, you're going to sit back in the lockup area. You're not going to your pod, you're going to sit back in the lockup area, and at every recess, I'm going to bring you back out and ask you if you're prepared to sit here and participate in your case. If you're not willing to, you're going to go right back to the pod area. If you want to sit out here, I'd love to have you out here.

[DEFENDANT]: That will be wasting up your time, Your Honor.

THE COURT: All right. Well, it's a free country, and you can say whatever you want.

[DEFENDANT]: I got plenty time.

THE COURT: But as long as you continue to disrupt the proceedings and interrupt the proceedings, you're going to wait back in the lockup area back there. So take him on back. You just let the

-6-

deputies know if you ever decide that you're prepared to participate in your case and act appropriately. Step out.

(Defendant out.)

THE COURT: All right. For the record, we're going to proceed with the selection of these jurors and with the presentation of the proof. And when it becomes necessary for the state's witnesses to identify the defendant, we'll bring him back out from the lockup, let the witnesses take a look at him, and if they can identify him, they can do so at that time, and we'll have him step back to the lockup area. Obviously, he'll need to be in court a few times in order for the witnesses to determine whether or not they can identify him in court; but beyond that, unless he's prepared to conduct himself appropriately, he can just wait in the lockup area. And for the record, I'll ask him, at every appropriate break and recess, whether he's prepared to participate in the trial. The trial has been pending since last June, and even as late as last week, while he indicated he didn't want Mr. Johnson to represent him, there was no Mr. Massey in here addressing me regarding substitution of counsel - even today there's no Mr. Massey in here addressing me regarding substitution of counsel; just some reference that his family is out there, quote, trying to hire Mr. Massey.

We've got many cases in these courts set for trial every week, and when cases are set and everyone is otherwise ready for trial, then we proceed with the trial. And I don't think it's appropriate for a defendant to be in a position to manipulate the system and dictate when his case is going to go to trial. This case has the added concern of a very elderly victim/witness. The state is entitled to have their witnesses presented from the witness stand if at all possible, as opposed to taking a deposition, and this individual - when we reset cases in this division of court, they're for six or eight months at a time, and who knows what his condition might be six or eight months from now. And I think that it's unfortunate that [DEFENDANT] is unhappy with the situation, but I don't think it's appropriate to allow him to determine when he wants to go to trial and under what circumstances he wants to go to trial given the fact that he has been well represented since March 30th of last year by Mr. Johnson, and Mr. Johnson was fully prepared and capable of representing him this week as well.

We'll take a recess.

(Recess).

THE COURT: All right. Ask the defendant to step out, please.

DEPUTY: I asked him to come out, Your Honor. He's refusing. Do you want me to bring him out?

THE COURT: Inform him that we're getting ready to start the jury-selection process. He's welcome out and participate if he would like to.

DEPUTY: Okay.

(There was a pause in the proceedings.)

DEPUTY: No, sir. He's refusing.

THE COURT: Okay. Well, we'll proceed. Ask the jurors to step in, please. Bring in the jury, please.

## Trial - February 4 -5, 2002

The following colloquy occurred between the trial court and the defendant before the beginning of the trial on Monday, February 4, 2002.

THE COURT: Bring out the defendant, please.

(Defendant in.)

THE COURT: [DEFENDANT], you're entitled to sit at the table here since you're going to be representing yourself so you can take notes.

[DEFENDANT]: No. I'm not gonna go through this day because I preparate [sic] - didn't have enough time for the preparation of my defense. My folks are hiring me a lawyer to talk to - William Massey, and I need enough time for them to get the money up to hire him for this case.

THE COURT: Okay. Well, see, it comes too late. This case has been pending -

[DEFENDANT]: This is only the first trial date that's been set, though.

THE COURT: I understand that. But it's been pending since March of last year.

[DEFENDANT]: Well, we -

THE COURT: Hold on. Let me finish. The offense -

MS. WEIRICH: December 1st it happened, Your Honor.

THE COURT: - was alleged to have occurred on December the 1st, 2000. It's now February of 2002. It's been pending in this court since March of 2001. We've had many, many court dates and settings and opportunities to hire counsel to discuss this - we discussed this just last week with you on the witness stand under oath. You knew that the case was set for trial today. You knew that the victim/witness in this case is an eighty-four-year-old gentleman who had to be brought down here

-8-

|                | today at considerable distress and inconvenience to him because we have a motion to suppress set today and a trial set today. It's just not that easy to show up on trial date and say, "Oh, I need to reset this for six months so I can hire me a lawyer and get ready for trial." This gentleman may not be available or able to testify in five or six or eight months if we reset it for you to finally hire a lawyer and get it to trial. So it's going to trial today. |
| -------------- | ---- |
| [DEFENDANT]:   | Well the reason why you're saying, because I haven't talked to an attorney, Your Honor. You know I need another public defender that I could - you know, that could defend me and my counselor. You wouldn't send no one over there that I could talk to, so I need enough time to discuss my case to someone so I can be ready to go to trial with it. |
| THE COURT:     | Right. And the reason I'm telling you that I didn't appoint you another public defender is that it's not your call to make. You have had since March of last year, an outstanding public defender. |
| [DEFENDANT]:   | Well - |
| THE COURT:     | No. You let me finish. A man who is very experienced in trying cases - very experienced in handling cases. You may not get along with him as your best buddy, but he's an outstanding lawyer. And he's not required to get along with you as his best buddy. But he is required to represent you and represent you well, and he would have done that had you worked with him in preparation for this trial that's set today. You have had, at taxpayer's expense, an outstanding lawyer, an investigator at his disposal, law clerks at his disposal, preparation for trial, motion to suppress is set today. He's ready to go forward with that. I informed him last week that he would represent you at least at the motion to suppress even if you didn't want him at trial. All of that has been provided for you thanks to the taxpayers of the state of Tennessee. And you're not going to come in here on trial date and tell me that you need more time because you can't get along with your lawyer. That's unfortunate, but your refusal to work with your lawyer is basically done so at your own peril. |
| [DEFENDANT]:   | Your Honor, he refused to work with me. |
| THE COURT:     | Well - |
| [DEFENDANT]:   | He refused to work with me. My folks is hiring me an attorney. I need enough time so I can get Mr. Massey on my |

|  |  |
|---|---|
| | case. I talked with him over the weekend, and he told me to come in here to get this set off enough time so I could pay his money. |
| THE COURT: | That's fine, but it doesn't work that way. Is you all's witness down here? |
| MS. WEIRICH: | He's on his way, Judge. He should be here shortly if not already here. |
| THE COURT: | It just doesn't work that way. And you know it doesn't. You've been around enough time. |
| [DEFENDANT]: | I mean what I'm saying - |
| THE COURT: | You've got - |
| [DEFENDANT]: | Your Honor - |
| THE COURT: | - an extensive record. |
| [DEFENDANT]: | - you just can't make me go to no trial. I want to hire me an attorney. |
| THE COURT: | I can make you go to a trial. |
| [DEFENDANT]: | This is not right. I mean you know it's not. |
| THE COURT: | You're wrong about that, [DEFENDANT]. I can make you go to trial. You've had plenty of time - |
| [DEFENDANT]: | The reason I haven't gotten there is because you - I was asking you to send me another counsel over there to talk to. You sent me the same - he waited until the end to come talk to me. I didn't have enough time to talk to no one else. |
| THE COURT: | That's up to you. You can work with your lawyer or not. I can't make you talk to him. I can't make you work with him. But I can assure you that he's an outstanding lawyer and would have represented you well at trial. He would have represented you as well as any lawyer in Tennessee. |
| [DEFENDANT]: | How could he represent me in telling me what he gonna help get me. |
| THE COURT: | Well, I'm not going to get into those types of discussions. |
| [DEFENDANT]: | Well, I know you don't. I mean I'm quite sure you don't. |
| THE COURT: | Because that's not an appropriate discussion at this point. But I can tell you, you've been around enough - you've got one, two, three, four, five, six, seven prior felony convictions and a misdemeanor conviction. You've been through the system enough to know that you can't walk in here on trial date, especially with a victim that's eighty-four years old and announce that you want more time for trial. |
| [DEFENDANT]: | I don't know about no victim eighty-four - they must be lying in the indictment. They said he was seventy-two, so somewhere they're lying. |

THE COURT:          Okay.  Well, maybe they lied on you again, [DEFENDANT], but the fact of the matter is, he's an elderly man who is being brought down here at considerable discomfort and distress to him to testify today.  And you've had the case - it's been in this courtroom since March 30th of last year.  So nobody is spring -

[DEFENDANT]:        I had -

THE COURT:          - hold on - hold on a second.  Nobody is springing anything on you.  You knew, since March 30th of last year that this case was in this court.  You and your folks could have gone out and hired Mr. Massey or anybody you wanted on March 30th of last year.  This case was announced for trial - we had two or three report dates, and then finally on the fifteenth of June, the announcement was made that you wanted a trial.  Since you've known since June 15th of last year - it's now February of this year that the matter was going to go to trial in February.

[DEFENDANT]:        Okay.  I'm listening.

THE COURT:          And so you've had all that time -

[DEFENDANT]:        So you had -

THE COURT:          Okay.  If you didn't like your lawyer, you could have gotten with your folks from June 15th to now and hired Mr. Massey three or four months ago, and he would have been ready for trial.  But you can't come in here on trial date and demand another trial.

[DEFENDANT]:        Okay.  When I wrote you and told you that I was unsatisfied -

THE COURT:          You don't write me.  You've got a lawyer to write.

[DEFENDANT]:        Well, I was letting you know - I was letting you know that I was - that I feel - that I feel it was a conflict of interest to use him, you should have sent me somebody else or let me know that I had to get a lawyer.  I thought by him - by me calling Sherlyn [sic] Brown, that she telling me he would appoint me another one.  I called her.  I talked to the clerk.  They said another one was going to be appointed to me.

THE COURT:          And you shouldn't be asking clerk's questions of that sort.

[DEFENDANT]:        Well, I may, anything that I don't know, Your Honor.

THE COURT:          Because you've got a lawyer; you had a lawyer.

[DEFENDANT]:        I had something; I didn't know what it was.  I thought it was a lawyer.

THE COURT:          Okay.  Well, we're going to trial today.  Are your other witnesses here?  Well, 2:45 is when I -

MS. WEIRICH:        Yes, sir.

-11-

| | |
|---|---|
| THE COURT: | All right. We're going to go forward with the jury- selection process right now. |
| [DEFENDANT]: | Well, I'm not fixing to go through with that - I'm not fixing to pick - I'm not having nothing to do with that. I told you that I want a prognos - plan to preparate for my case in order for William Massey to go out and send an investigator to be in my defense; to investigate the case and let him know what went on and everything. |
| THE COURT: | Well, we're going forward today. You're going to sit right there. And you don't have to say anything if you don't want to. It's up to you. |
| [DEFENDANT]: | I'm not going - I mean I wish I could go on back to my pod - |
| THE COURT: | You can't do that. |
| [DEFENDANT]: | You know what I'm saying - |
| THE COURT: | You can't do that. |
| [DEFENDANT]: | Because I don't want nothing to do with this here. |
| THE COURT: | You can't do that. |
| [DEFENDANT]: | I have let you know that I would hire an attorney. |
| THE COURT: | Well, I'm glad that you're telling me that - |
| [DEFENDANT]: | I know you're the judge, but you can't make me go to no trial. I'm allowed three chances. |
| THE COURT: | You're allowed three chances? |
| [DEFENDANT]: | Yeah. I'm hiring my own public - I'm hiring my own private lawyer. |
| THE COURT: | You're allowed there chances at what? |
| [DEFENDANT]: | To go to trial. |
| THE COURT: | Oh, you are? - three trial dates? - is that what you're allowed? |
| [DEFENDANT]: | Yeah. This is my first one I'm going to. |
| THE COURT: | Okay. Does it say that in here in the rules? |
| [DEFENDANT]: | You look in there and find that out. |
| THE COURT: | Okay. I don't think it does, [DEFENDANT]. All right. Just have a seat, and you're welcome - and I'll make this - make you aware of this as well: As I indicated last week when we had our hearing in court, Mr. Johnson and Mr. Gregg Carman, who is also an assistant public defender - |
| [DEFENDANT]: | I'm not going to need them. |
| THE COURT: | Just listen a second. I'm putting this on the record so that if you're convicted and the matter goes up on appeal, there will be a clear record of this. That's why we had the hearing last week. It's a free country, and you can say whatever you want, but I want the record to reflect what's going on. As I indicated last week, you can go forward on your own if you want - |

[DEFENDANT]:     I'm not going to go forward.

THE COURT:     But there are two lawyers in here, Mr. Gregg Carman and Mr. Michael Johnson. And if you want to consult with them at any time on procedural matters or any question you might have with regard to this trial at any break that we take, they're sitting right behind you, and they're willing to discuss any matters you care to regarding this case with you. So they're elbow counsel; they're at your disposal, and you can consult with them any time you like. They're both outstanding attorneys; they've both tried many cases in these courts.

[DEFENDANT]:     Yeah. I understand that, but -

THE COURT:     And they're both fully capable of -

[DEFENDANT]:     I already told you what I - what was up and everything.

THE COURT:     Okay. Well, just have a seat.

[DEFENDANT]:     Right there?

THE COURT:     Right there at the counsel table.

. . .

THE COURT:     All right. [DEFENDANT], stand right there, sir. We're about to resume the trial. The state will be giving their opening statement. You're welcome to give your opening statement. And after that, the proof will begin. The first witness will be the victim in this case, Mr. Thornton, and you're welcome to - I urge you - you're not only welcome to be here, but I urge you to be here to be present at your own trial to confront the witnesses in person. So is it your desire to remain in the courtroom and participate in your trial?

[DEFENDANT]:     No, I just want the victim to see - to identify me, and I just want to go back.

THE COURT:     Okay. So you do not want to be here for the trial itself?

[DEFENDANT]:     No, sir.

. . .

THE COURT:     Okay. All right. If you ever change your mind, [DEFENDANT], and want to participate in your trial, as you indicated you did last week - wanted to represent yourself in the case, all you have to do is let Officer Bartlett know, and I will immediately bring you in to represent yourself and participate in your own trial. Step out.

. . .

THE COURT:     Bring out [DEFENDANT], please, if he's of a mind to join us today.

SERGEANT HALL: Yes, sir.

(There was a pause in the proceedings.)

SERGEANT HALL: Your Honor, he does not wish to stay.

THE COURT:          Well, since there is no jury in here, go ahead and bring him out anyway.

SERGEANT HALL:  Yes, sir.

(There was a pause in the proceedings.)

. . .

THE COURT:          [D]o you want to remain in court today while we complete this trial, [DEFENDANT]?

[DEFENDANT]:      No.  Like I say, I want time to get me a lawyer.

THE COURT:          Okay.  We've covered that.  If you remain in court, will you conduct yourself properly?

[DEFENDANT]:      No.  I don't want to remain in court, but I want to talk to me a lawyer before I go through with this here.

THE COURT:          All right.  Beyond the fact you don't want to remain in court, if you stay in court, will you conduct yourself properly?

[DEFENDANT]:      Well, I don't know - what I'm saying, though, I want time to get me a lawyer.  I mean I think that's plain.  I think that's plain.  You all know what's going on behind that.  You know, I'm not gonna have nothing to do with that.

THE COURT:          All right.  So I'll take - I'll interpret that answer as a, 'Yes, you will conduct yourself properly if I keep you in court today when we bring the jury back in.

[DEFENDANT]:      I don't want to be here.

THE COURT:          That wasn't the question.  I know you don't want to be here.  The question is will you conduct yourself properly?

[DEFENDANT]:      No, I will not.  I just want to talk to me a lawyer.

THE COURT:          All right.  Well, you've got two lawyers you can talk to taxpayers have provided for you.  They're sitting right behind you.

[DEFENDANT]:      They're not -

THE COURT:          Do you need time to talk to them?
                    We'll take a recess.  You can talk with them all you want.  We'll wait for two hours if you want to talk to them.  I've got two lawyers right there that are trained and can talk to you all you want.

[DEFENDANT]:      I appreciate that, Your Honor.

THE COURT:          Taxpayers are paying for them right there.

[DEFENDANT]:      I wish to pay for my own.

THE COURT:          Well, you've been - well, we're not going to go through all of that again.  The case has been pending since last March.

[DEFENDANT]:      I mean there are many other cases that are in your courtroom that you throw off for trial and set them off.  There's people that have been down here two years that you've set off and set

-14-

|  |  |
|---|---|
|  | off and set off, you know, so that's not an appropriate reason for you not to set mine off until I get me an attorney. |
| THE COURT: | Okay. Well, I appreciate your input on that. The question is: Are you going to remain - are you going to act appropriately if we keep you in the courtroom and we bring the jury in? |
| [DEFENDANT]: | Well, I would just like to be in here, Your Honor. |
| THE COURT: | All right. Well, I'll take that as a yes, you would like to appropriately - have a seat. |
| [DEFENDANT]: | No. I'm saying I wish not to be here. I'm not going to act appropriate. |
| THE COURT: | Okay. What are you going to do? - talk up? |
| [DEFENDANT]: | Well, I'm not telling you. |
| THE COURT: | Start fighting with Officer Bartlett? |
| [DEFENDANT]: | No, sir. I wish to go back there right now. I'm feeling kind of bad. You know, I need to go back there for a minute. |
| THE COURT: | Okay. We're not going to do that. Have a seat. Have seat back there. |
| [DEFENDANT]: | I'm saying I've got to use the bathroom. |
| THE COURT: | You've just used the bathroom. |
| [DEFENDANT]: | I've got to use the bathroom again. |
| THE COURT: | Have a seat. |
| [DEFENDANT]: | Have a seat for what? |
| THE COURT: | We're getting started with your trial, [DEFENDANT]. |
| [DEFENDANT]: | I wish not to go through with the trial. You can't make me go through with this. |
| THE COURT: | We're going through with it. Have a seat, [DEFENDANT]. |
| SERGEANT HALL: | Have a seat. |
| [DEFENDANT]: | I ain't gonna act right - I'm saying I ain't - |
| MR. BARTLETT: | Have a seat - just have a seat. |
| THE COURT: | Officer Bartlett, did he go to the bathroom when we took our last break? |
| DEPUTY BARTLETT: | Yes, Your Honor. |
| THE COURT: | All right. Then I expect that you'll act appropriately, [DEFENDANT]. We're going to bring the jury in. And if you don't you'll be removed from the courtroom. |
| [DEFENDANT]: | Well, you might want to do that now. That's what I'm saying. You might as well take me back there now. |
| THE COURT: | Well, I'm going to give you another opportunity to act appropriately. |
|  | Bring in the jury, please. |
| (Jury in.) |  |
| [DEFENDANT]: | I'm fixin to act up now. Hey, to the jury, I told this man I wanted time to get me - |

| | |
|---|---|
| THE COURT: | All right. [DEFENDANT] - |
| [DEFENDANT]: | - an attorney. |
| THE COURT: | - be quiet, sir. |
| [DEFENDANT]: | But he's going through this without for me an attorney. He's provoking me to do something that I don't want to do. |
| THE COURT: | Be quiet, [DEFENDANT]. |
| [DEFENDANT]: | I told him I wanted me a lawyer. |
| THE COURT: | All right. Good morning, ladies and gentlemen. We're ready to resume the trial at this time. Ms. Weirich, you may call your next witness. |
| MS. WEIRICH: | Thank you, Judge. The state calls Officer Smith. |
| [DEFENDANT]: | (Indiscernible speech.) |
| THE COURT: | All right. Go ahead and take [DEFENDANT] out. |
| [DEFENDANT]: | (Indiscernible speech.) |

. . .

| | |
|---|---|
| [DEFENDANT]: | I'm not going to testify. I want to get me a lawyer. |
| THE COURT: | Okay. Second of all, do you have any witnesses you plan to present in front of the jury? |
| [DEFENDANT]: | Yes. I had a witness, but I didn't have enough time to get - in my defense to get him together because you didn't give me enough time. |
| THE COURT: | Okay. Having made those statements, I then take those statements to mean that you have no proof to present in your defense in your trial, and we'll proceed, then, with argument and charge. If you remain in the courtroom for the argument, Ms. Weirich will present an argument. You'll have an opportunity to present an argument to the jury. You will need to conduct yourself appropriately. Will you conduct yourself properly and appropriately if I keep you in the courtroom? |
| [DEFENDANT]: | (No audible response.) |
| THE COURT: | You have to speak up, it's being recorded - everything you say is being recorded. |
| [DEFENDANT]: | All I'm going to say, I want to get me a lawyer, you know, before I do - go any - I mean, I've stated as far as I want me a lawyer, then I could be able to go through that - go through that trial like the way that it's supposed to have been - like it's supposed to have been done. |
| THE COURT: | Okay. Well, I'll just make this observation as well with regard to you mentioning that you have a witness but you have to have more time to get a lawyer in order to call that witness. The point was well made, at the hearing conducted last week - the same hearing in which it was determined that you would represent yourself. The point was well made that |

in spite of the fact that you continued to tell Mr. Johnson that you had a witness - if I'm remembering this correctly, in fact you were never able to reveal to him who the witness was or where the witness could be found. So with that observation, step back out, we'll proceed with this trial.

**Analysis**

I. Constitutional Right to the Assistance of Counsel.

The defendant argues that the trial court erred by denying him his constitutional right to the assistance of counsel. The accused in a criminal prosecution has a right to be represented by appointed counsel or to represent himself and to proceed pro se without the assistance of counsel. See U.S. CONST., amend. VI; TENN. CONST., art. I, § 9; Faretta v. California, 422 U.S. 806, 819, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); State v. Northington, 667 S.W.2d 57, 60 (Tenn. 1984). In order to activate the right of self-representation, the defendant must (1) timely assert the right to proceed *pro se*; (2) clearly and unequivocally exercise the right; and (3) knowingly and intelligently waive his or her right to assistance of counsel. State v. Herrod, 754 S.W.2d 627, 629-30 (Tenn. Crim. App. 1988). The defendant maintains that the second and third conditions of Herrod were not met.

The defendant first argues that his request to proceed *pro se* was not clear and unequivocal. The defendant insisted numerous times prior to and on the day of trial that he wished to represent himself rather than utilize the public defender that had been appointed for the past year. Our supreme court has advised that the right of an accused to assistance of counsel, however, does not include the right to appointment of counsel of choice or to special rapport, confidence, or even a meaningful relationship with appointed counsel. State v. Carruthers, 35 S.W.3d 516, 546 (Tenn. 2000), cert. denied 533 U.S. 953, 121 S. Ct. 2600, 150 L. Ed. 2d 757 (2001). The trial court repeatedly advised the defendant that the appointed public defender could adequately represent the defendant and was available at any time. In response, the defendant maintained that he wished to represent himself. We conclude that the defendant's insistence on self-representation was clear and unequivocal.

In determining whether a defendant intelligently and knowingly waived his right to counsel, the trial court must question the defendant extensively regarding his ability to represent himself. Northington, 667 S.W.2d at 61; Herrod, 754 S.W.2d at 630. A defendant need not have "technical legal knowledge" in order to exercise his right of self-representation. Faretta, 422 U.S. at 836. This Court has previously recommended trial courts follow the guidelines contained in *1 Bench Book for the United States District Judges* § 1.02-2 to -5 (3d ed. 1986), also contained in the appendix to United States v. McDowell, 814 F.2d 245, 251-52 (6th Cir. 1987). Herrod, 754 S.W.2d at 630. Additionally, the United States Supreme Court has instructed trial courts:

[A] judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his

-17-

right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

Von Moltke v. Gillies, 332 U.S. 708, 723-24, 68 S. Ct. 316, 323, 92 L. Ed. 309 (1948).

In the present case, the trial court substantially complied with the format suggested in Herrod. See State v. Goodwin, 909 S.W.2d 35, 41-42 (Tenn. Crim. App. 1995). The trial judge questioned the defendant extensively regarding his ability to represent himself. It advised the defendant against proceeding *pro se* and informed him that he would be required to comply with the rules of evidence and procedure. Although not required to, the trial court then designated the appointed counsel as elbow counsel in order to assist the defendant. The defendant stated that he wished to represent himself in spite of the court's admonitions against it. We conclude that the defendant's waiver of the right to counsel was knowingly and intelligently made.

The defendant also maintains that his waiver was not valid because the trial court failed to secure the waiver in writing. Rule 44(a) of the Tennessee Rules of Criminal Procedure provides that, after the colloquy in open court, the court shall require the defendant to sign a written waiver, which shall be spread upon the minutes of the court and made a part of the record of the case. In this case, no written waiver was signed or filed. However, a trial court's failure to comply with the writing requirement of Tennessee Rule of Criminal Procedure 44 does not necessarily preclude a constitutionally valid waiver. See Goodwin, 909 S.W.2d at 39-40; State v. Mohamed F. Ali, No. 03C01-9802-CR-00065, 1999 Tenn. Crim. App. LEXIS 871 (Tenn. Crim. App., at Knoxville, August 24, 1999); Luther E. Fowler v. State, No. 03C01-9711-CR-00509, 1999 Tenn. Crim. App. 766 (Tenn. Crim. App., at Knoxville, July 30, 1999). It is clear from the record that the defendant sought to represent himself without the assistance of counsel. We conclude that the error in failing to obtain a written waiver was harmless.

II. Conducting Trial In Absentia While the Defendant Was Not Represented by Counsel

The defendant complains that the trial court erred by conducting the trial in his absence while he was not represented by counsel. Under both the federal and state constitutions, a defendant has a right to be present during his or her trial. See State v. Muse, 967 S.W.2d 764, 766 (Tenn. 1998). However, the defendant may waive this right through voluntary absence after commencement of the trial or through in-court misbehavior. Tenn. R. Crim. P. 43(b); Muse, 967 S.W.2d at 767; State v. Ballard, 21 S.W.3d 258, 260-61 (Tenn. Crim. App. 2000). Rule 43 of the Tennessee Rules of Criminal Procedure, entitled "Presence of the Defendant," provides in pertinent part:

(a) Presence Required.  Unless excused by the court upon defendant's motion, the defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

(b) Continued Presence Not Required.  The further progress of the trial to and including the return of the verdict and imposition of sentence shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present:

> (1) voluntarily is absent after the trial has commenced (whether or not he or she has been informed by the court of the obligation to remain during the trial), or
>
> (2) after being warned by the court that disruptive conduct will cause the defendant to be removed from the courtroom, persists in conduct which is such as to justify exclusion from the courtroom.  If a trial proceeds in the voluntary absence of the defendant or after the defendant's removal from the courtroom, *he or she must be represented in court by competent counsel;* and, if the defendant has been removed from the courtroom, he or she shall be given reasonable opportunity to communicate with counsel during the trial.  If a trial is proceeding with the defendant excluded from the courtroom because of disruptive conduct, the court shall periodically determine at reasonable intervals whether the defendant will then signify willingness to avoid creating a disturbance if allowed to return to the courtroom and shall permit such return when the defendant so signifies and the court reasonably believes the defendant.

Tenn. R. Crim. P. 43 (emphasis added).  The record reflects that the defendant was present in the courtroom when the jury selection began.  The defendant had been granted the right to represent himself.  The trial court directed the defendant's original court appointed counsel to remain with the defendant and serve as elbow counsel.  However, once the jury was present, the defendant continually began disrupting the courtroom by interrupting the judge and speaking to the jury.  Although the defendant was admonished by the trial court, he refused to conduct himself in a proper manner. The facts in this case indicate that the defendant waived his right to be present at his trial through his disruptive behavior.

The record reflects that the defendant was absent from the courtroom when (1) the prosecutor made her opening statement; (2) all three state witnesses testified; and (3) the prosecutor made her closing argument.  At no time did the defendant or elbow counsel participate in these stages of trial. We have already determined that the defendant forfeited his constitutional right to be present at his trial by his obnoxious, disruptive behavior.  See Illinois v. Allen, 397 U.S. 337, 346, 90 S.Ct. 2525, 45 L. Ed. 2d 562 (1975).  However, the right to be present is not the crucial issue.

Counsel had been appointed for the defendant many months before trial; counsel was prepared to go to trial and was present during the proceedings.  The trial court properly allowed the

-19-

defendant to proceed *pro se* and, within its discretion, authorized current counsel to act as "elbow counsel." See State v. Small, 988 S.W.2d 671, 674 (Tenn. 1999). One of the reasons for appointing elbow counsel is to aid the accused in the event self-representation is terminated due to the defendant's disruptive behavior. See Faretta, 422 U.S. at 835 n.46.

The trial court commented that it did not require elbow counsel to represent the defendant after the defendant was removed because it would violate the defendant's right to self-representation under State v. Herrod, 754 S.W.2d 627 (Tenn. Crim. App. 1988). However, Herrod is distinguishable. Herrod simply recognized a defendant's constitutional right to self-representation, id. at 630; it did not address the court's responsibilities under Rule 43(b)(2) when a defendant has been removed from the courtroom.

If a *pro se* defendant becomes disruptive and is removed from the courtroom, elbow counsel "should be asked to represent the defendant." ABA Standards of Criminal Justice § 6-3.9 (3d ed. 1999). The failure to allow elbow counsel's participation is error. See People v. Anderson, 518 N.Y.S. 2d 658, 659 (N.Y. App. Div. 1987); Saunders v. State, 721 S.W.2d 359, 363 (Tex. App. 1985). In the event of disruptive behavior, the defendant simply forfeits his right to self-representation, thereby authorizing the court to appoint counsel even over the defendant's objection. See Martinez v. Court of Appeals of California, 528 U.S. 152, 162, 120 S. Ct. 684, 145 L. Ed. 2d 597 (2000).

In Carruthers, the supreme court stated that the decision whether to appoint counsel under Rule 43(b)(2) to represent an absent defendant is discretionary with the trial court. 35 S.W.3d at 568. However, Carruthers is distinguishable from the present case in several ways. First, Carruthers did not have an attorney present, whereas the defendant in this case had appointed counsel already present. Also, Carruthers's absence was at the sentencing hearing only, not at the trial. Lastly, Carruthers was voluntarily absent, whereas the defendant in this case had been removed from the courtroom because of in-court misbehavior.

The trial court properly noted that it was not necessarily required to appoint elbow counsel once the defendant was authorized to represent himself at trial. See Small, 988 S.W.2d at 674. (holding whether to appoint advisory counsel is within the trial court's discretion). However, the issue of how a trial court should proceed with a disruptive defendant who does not have elbow counsel is not before us. Here, the defendant had elbow counsel fully familiar with the case and in a position to immediately step in to represent the absent defendant.

Rule 43(b)(2) expressly provides that when a defendant is voluntarily absent or removed from the courtroom, the defendant "*must* be represented in court by competent counsel." Tenn. R. Crim. P. 43 (emphasis added). We conclude, at least where elbow counsel has already been appointed, the rule requires that elbow counsel participate in the trial when the defendant is no longer in the courtroom.

## Conclusion

We conclude that once elbow counsel has been appointed, and the defendant is absent voluntarily or through removal because of behavior, the trial court should require elbow counsel to represent the absent defendant. Under the facts of this case, the trial court erred in not requiring elbow counsel to proceed to represent the defendant when he was removed from the courtroom. Accordingly, the judgments of conviction are reversed and remanded for a new trial.

_____

JOHN EVERETT WILLIAMS, JUDGE